UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| JOSEPH A. CIGLER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CIVIL NO. 2:15cv17 |
| OCWEN LOAN SERVICING, LLC, | ) |  |
| Defendant. | ) |  |

OPINION AND ORDER

This matter is before the court on a motion to dismiss for failure to state a claim, filed by the defendant, Ocwen Loan Servicing, LLC ("Ocwen"), on January 20, 2015. The plaintiff, Joseph A. Cigler ("Cigler"), proceeding *pro se*, responded on January 22, 2015 by filing a "Motion to Reverse Motion of Removal". The court construes this motion as a motion to remand. Ocwen responded Cigler's filing on February 9, 2015.

For the following reasons, the motion to dismiss will be granted and the motion to remand will be denied.

Discussion

Cigler alleges that Ocwen violated the Fair Debt Collection Practices Act (the "FDCPA") by failing to respond to certain letters that Cigler sent in November and December 2014, and by continuing collection action (through a pending state-court foreclosure case) after Cigler sent the two letters. Cigler filed his complaint in the Superior Court of Lake County, and Ocwen removed the case to federal court because a claim based on the FDCPA gave rise to federal question jurisdiction under 28 U.S.C. § 1331. As Ocwen has noted, Cigler's complaint in this case is somewhat sparse. However, Ocwen has directed the court to a prior case, *Cigler v. Ocwen Loan Servicing,* No. 2:13cv354-JVB-APR, wherein Cigler explains that the debt at issue was a home

mortgage loan that Ocwen began servicing in May 2013. Cigler was represented by counsel in this earlier case and the record shows that this case settled on September 9, 2014.

In the present case, Ocwen argues that Cigler fails to state a claim and this case should be dismissed. Cigler relies on § 1692g of the FDCPA, which requires a debt collector to provide certain information to consumers if the consumer makes a timely written request for the information. 15 U.S.C. § 1692g(b). Such a request is only timely if it is made within 30 days of the consumer's receipt of a certain notice (called a debt-validation notice) from the debt collector. 15 U.S.C. §§ 1692g(a)(4), (b). In support of its motion to dismiss, Ocwen argues that Cigler alleges no facts showing the two letters on which he bases his claim were timely under the FDCPA so as to trigger any obligations by Ocwen to respond.

Cigler has not directly responded to the motion to dismiss, and does not dispute that he has not alleged that he made a timely written request for information such as would give rise to a FDCPA claim. Rather, Cigler attacks the removal of this case from state court to federal court.

Cigler argues that removal was improper because the notice of removal was not timely. However, it is undisputed that Ocwen was never properly served, as Cigler never served Ocwen's registered agent for service of process, Corporation Service Company. Nor did Cigler serve an executive officer of Ocwen. As only formal service of process starts the 30 day time period for removal, the removal period never began and thus did not lapse. Accordingly, the case was timely removed to this court. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S.Ct. 1322, 1325 (1999).

Cigler also argues that even though he received the notice of removal, he was not previously notified of the appearance of counsel, which he claims was a violation of Indiana

Trial Rule 5(B). However, as Ocwen notes, this argument is baseless because counsel for Ocwen filed their appearances in compliance with Local Rule 83-8(b), and the notice of removal clearly identified Ocwen's counsel. It is also undisputed that Cigler was served with Ocwen's motion to dismiss.

Cigler also asserts that "the FDCPA is not required to be heard in federal court." While this is true, it is also true that FDCPA cases may be heard in federal court and that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Cigler's claim is based exclusively on an alleged violation of the FDCPA and thus raises a federal question. *Doherty v. Citibank (S. Dakota) N.A.* 375 F.Supp.2d 158, 161 (E.D.N.Y. 2005).

Lastly, Cigler argues that Ocwen's counsel is not authorized to practice in Indiana. Presumably Cigler came to this conclusion because Ocwen's law firm, Lock Lord LLP, is an Illinois company. As Ocwen notes, even if Ocwen's counsel were not licensed to practice in Indiana, subject matter jurisdiction still exists. However, Ocwen has provided the court with a copy of the Attorney Record from the Indiana Roll of Attorneys showing that Ocwen's counsel, Phillip Russell Perdew, is licensed and in good standing in Indiana.

As there is no basis to remand this case to state court, and there is no assertion in the complaint that Cigler sent Ocwen letters within the time limit proscribed by the FDCPA, the court will deny the motion to remand and grant the motion to dismiss.

## Conclusion

On the basis of the foregoing, Cigler's motion to remand [DE 8] is hereby DENIED.

Further, Ocwen's motion to dismiss [DE 5] is hereby GRANTED.

Entered: March 18, 2015.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court